```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                        CHARLESTON


SHIRLEAN MEADE and
ELMER MEADE,

        Plaintiffs,

v.                                    Case No. 2:09-cv-00388

DEIRDRE E. PARSLEY, D.O.,
PLIVA, INC., and
JOHN DOE DEFENDANTS ## 1-6,

        Defendants.
```

## MEMORANDUM OPINION AND ORDER

This case concerns the use of metoclopramide by plaintiff Shirlean Meade. Pending before the Court is Plaintiffs' motion to quash subpoenas served by defendant Pliva, Inc. (docket # 69). The subpoenas were issued to Scott Orthopedic Center, the Social Security Administration, the West Virginia Department of Health and Human Services, Inez (Kentucky) Physical Therapy, and Jose Auditor, M.D. Plaintiffs contend that the subpoenas should be quashed because they require disclosure of privileged, protected or confidential material, citing Fields v. West Virginia State Police, 264 F.R.D. 260 (S.D. W. Va. 2010).

All of the subpoenas to the healthcare providers (Scott Orthopedic Center, Inez Physical Therapy and Dr. Auditor) and the Social Security Administration seek production of

    (1) All medical records, charts, x-rays, physician's

> notes, and/or bills in Your possession concerning the treatment and/or examination of Plaintiff, Shirlean Meade.
> (2) All documents reflecting communications between You and Plaintiff, Shirlean Meade.
> (3) All documents, including any correspondence, notes, or records of communications between You and any member of Plaintiff, Shirlean Meade's family and/or her attorneys.
> (4) All calendars, diaries, work records, notes, work sheets, and similar documents regarding the work performed by You in connection with the treatment and/or examination of Plaintiff, Shirlean Meade.
> (5) All documents You have created, reviewed, or relied upon in the course of Your treatment and/or examination of Plaintiff, Shirlean Meade.
> (6) All documents or tangible things in Your possession provided to You by, any member of Plaintiff, Shirlean Meade's family, Plaintiff's counsel, or Plaintiff's expert witnesses regarding the above-captioned litigation.

(# 69, Exhibits 1-2, 4-5, at 4 in each exhibit.)  The subpoena to the West Virginia Department of Health and Human Services ("WV DHHS"), Bureau of Medical Services, Office of Medicaid Managed Care, requests, as item (1), "[a]ll policy information, claims submitted, paid and/or denied, billing records and/or statements, and names and contact information of medical providers and/or facilities providing services to Plaintiff, Shirlean Meade within Your possession."  Items (2) through (6) of the subpoena to WV DHHS are identical to the other subpoenas.

Defendant Pliva, Inc. has responded in opposition (# 71).  In its response, Pliva describes its months-long efforts to obtain from plaintiff Shirlean Meade executed authorizations for release of information held by these six individuals and entities.  Id. at

2

3-4. Pliva notes that the healthcare providers were listed by plaintiff Shirlean Meade on her Rule 26(a)(1) initial disclosures as having discoverable information. Id.

Pliva argues that the medical records are relevant and reasonably calculated to lead to the discovery of admissible evidence because Ms. Meade claims that her ingestion of metoclopramide caused her to suffer tardive dyskinesia (abnormal movements). Pliva wishes to investigate her medical history before and after she took metoclopramide. Id. at 6-8. Pliva also relies on Fields.

Plaintiffs did not submit a reply within the period allowed by Local Rule of Civil Procedure 7.1(a)(7).

As noted in Fields, "it is well-settled that a party who places his or her physical or mental health in issue waives privileges which pertain to the conditions in issue." 264 F.R.D. at 264. The passage of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. 104-191, 110 Stat. 1936, and its related regulations, 45 C.F.R. Parts 160, 164, has made the task of discovering a party's physical or mental health more difficult, but not impossible.

> The HIPAA regulations permit disclosure of a person's private medical and mental health information pursuant to a court order if a protective order is in place to prohibit disclosure of the information for a purpose other than the litigation and to require return of the information at the conclusion of the proceedings. 45 C.F.R. § 164.512(e)(1)(i); A Helping Hand, LLC v. Baltimore Co., Maryland, 295 F. Supp.2d 585, 592 (D. Md.

2003).

Fields, 264 F.R.D. at 262. Other than a general assertion of privilege, protection or confidentiality, plaintiff Shirlean Meade has failed to cite any case or to present any argument which persuades the Court that these subpoenas should be quashed. Her reliance on Fields is odd, given that the decision states that "[r]efusal to sign releases does not eliminate the opposing party's right to discover the records pertaining to the conditions [at issue]." Id. at 264. In fact, Fields specifically includes a remark that when "a party refuses to sign releases, . . . than an opposing party has little option but to use Rule 45 and the HIPAA regulations to obtain the records." Id. Moreover, Fields contains a specific warning that proceedings should not be unreasonably and vexatiously multiplied. Id.

Accordingly, it is hereby **ORDERED** that the motion to quash (# 69) is denied, and the subpoenas are valid and enforceable, even though their return date has passed.

Because HIPAA regulations, 45 C.F.R. § 164.512(e)(1)(i), require a protective order to be in place to prohibit disclosure of a person's health information for a purpose other than the litigation and to require return of the information at the conclusion of the proceedings, the Court expects the parties to submit promptly a signed version of the protective order on the Court's website.

4

It is further **ORDERED**, pursuant to 20 C.F.R. Parts 401-403, that the Social Security Administration shall disclose to counsel for Pliva, Inc. such information in its possession relating to plaintiff Shirlean Meade as is requested in the subpoena.

Defendant Pliva, Inc. has requested that it be awarded its reasonable expenses, including attorney's fees, incurred in opposing the motion to quash, presumably as authorized by Federal Rule of Civil Procedure 26(g). Pliva, Inc. shall submit its affidavit of expenses, including fees, within one week of the entry of this Memorandum Opinion and Order. Plaintiff Shirlean Meade shall file her response within one week thereafter, and shall include a statement as to whether she or one or more of her attorneys who signed the motion to quash is responsible for the motion.

The Clerk is directed to transmit a copy of this Order to counsel of record.

ENTER: April 5, 2010

Mary E. Stanley
United States Magistrate Judge

5