IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

SHIRLEAN MEADE and
ELMER MEADE,

       Plaintiffs,

v.                                       Case No. 2:09-cv-00388

DEIRDRE E. PARSLEY, D.O.,
PLIVA, INC., and
JOHN DOE DEFENDANTS ## 1-6,

       Defendants.

## MEMORANDUM OPINION AND ORDER

This case concerns the use of metoclopramide by plaintiff Shirlean Meade. Pending before the Court is Plaintiffs' motion to quash subpoenas served by defendant Pliva, Inc. (docket # 69). The subpoenas were issued to Scott Orthopedic Center, the Social Security Administration, the West Virginia Department of Health and Human Services, Inez (Kentucky) Physical Therapy, and Jose Auditor, M.D. Plaintiffs contend that the subpoenas should be quashed because they require disclosure of privileged, protected or confidential material, citing Fields v. West Virginia State Police, 264 F.R.D. 260 (S.D. W. Va. 2010).

All of the subpoenas to the healthcare providers (Scott Orthopedic Center, Inez Physical Therapy and Dr. Auditor) seek production of

(1) All medical records, charts, x-rays, physician's

>notes, and/or bills in Your possession concerning the treatment and/or examination of Plaintiff, Shirlean Meade.
>(2) All documents reflecting communications between You and Plaintiff, Shirlean Meade.
>(3) All documents, including any correspondence, notes, or records of communications between You and any member of Plaintiff, Shirlean Meade's family and/or her attorneys.
>(4) All calendars, diaries, work records, notes, work sheets, and similar documents regarding the work performed by You in connection with the treatment and/or examination of Plaintiff, Shirlean Meade.
>(5) All documents You have created, reviewed, or relied upon in the course of Your treatment and/or examination of Plaintiff, Shirlean Meade.
>(6) All documents or tangible things in Your possession provided to You by, any member of Plaintiff, Shirlean Meade's family, Plaintiff's counsel, or Plaintiff's expert witnesses regarding the above-captioned litigation.

(# 69, Exhibits 1, 4-5, at 4 in each exhibit.) The subpoena to the West Virginia Department of Health and Human Services ("WV DHHS"), Bureau of Medical Services, Office of Medicaid Managed Care, requests, as item (1), "[a]ll policy information, claims submitted, paid and/or denied, billing records and/or statements, and names and contact information of medical providers and/or facilities providing services to Plaintiff, Shirlean Meade within Your possession." Items (2) through (6) of the subpoena to WV DHHS are identical to the other subpoenas. Id., Ex. 3, at 4. The subpoena to the Social Security Administration requests, as item (1), "All medical records, charts, x-rays, physician's notes, and/or bills in Your possession concerning the treatment and/or examination of Plaintiff, Shirlean Meade *for purposes of disability*

2

*determination.*" [Emphasis added.] Id., Ex. 2, at 4.

Defendant Pliva, Inc. has responded in opposition and has moved to enforce the subpoena to the Social Security Administration (# 71). In its response, Pliva describes its months-long efforts to obtain from plaintiff Shirlean Meade executed authorizations for release of information held by these five individuals and entities. Id. at 3-4. Pliva notes that the healthcare providers were listed by plaintiff Shirlean Meade on her Rule 26(a)(1) initial disclosures as having discoverable information. Id.

Pliva argues that the medical records are relevant and reasonably calculated to lead to the discovery of admissible evidence because Ms. Meade claims that her ingestion of metoclopramide caused her to suffer tardive dyskinesia (abnormal movements). Pliva wishes to investigate her medical history before and after she took metoclopramide. Id. at 6-8. Pliva also relies on Fields.

Defendant Parsley joined in Pliva's response and motion to enforce the subpoena to the Social Security Administration (# 83). In addition, defendant Parsley cites to the Medical Professional Liability Act, W. Va. Code § 55-7B-6a, and states that it sent a written request to counsel for Ms. Meade, although the period for responding to the request has not expired. That section of the Code provides, in pertinent part, as follows:

> (a) * * * the plaintiff shall provide each defendant and each defendant shall provide the plaintiff with

3

access, . . . to all medical records pertaining to the alleged act or acts of medical professional liability which: (1) Are reasonably related to the plaintiff's claim; and (2) are in the party's control. The plaintiff shall also provide releases for such other medical records known to the plaintiff but not under his or her control but which relate to the plaintiff's claim. * * *

(b) Upon receipt and review of the records referred to in subsection (a) of this section, any party may make a written request to any other party for medical records of the plaintiff . . . related to his or her medical care and which are reasonably related to the plaintiff's claim. * * * The party receiving the request shall provide . . . a release for medical records for such records not under his or her control unless the party receiving the request believes that the records requested are not reasonably related to the claim.

(c) If a party receives a request for existing records he or she believes are not reasonably related to the claim, he or she shall provide written notice to the requesting party of the existence of such records and schedule a hearing before the court to determine whether access should be provided.

(d) If a party has reasonable cause to believe that medical records reasonably related to the claim of medical negligence exist and access have not been provided or a release has not been provided therefor, he or she shall give written notice thereof to the party upon whom the request is made, and if said records are not received within fourteen days of the written notice, obtain a hearing on the matter before the court.

(e) In the event a hearing is required pursuant to the provisions of subsection (c) or (d) of this section, the court at the conclusion thereof shall make a finding as to the reasonableness of the parties' request for or refusal to provide records and may assess costs pursuant to the Rules of Civil Procedure.

W. Va. Code § 55-7B-6a (2009).

Plaintiffs' reply asserts that defendant Pliva "seeks discovery of records that are not remotely relevant," except as to

4

Inez Physical Therapy. (# 84, at 1, 4.) They note that Ms. Meade has previously signed seventeen authorizations for the release of other medical records. Id. at 2. Plaintiffs complain that defendant Pliva has failed to pursue entry of an appropriate protective order. Id. at 3. Plaintiffs do not seek compensatory damages for lost wages; thus they argue that Social Security records are irrelevant.

The Court conducted a hearing on the motions on April 14, 2010, with counsel present in person and via telephone. During the hearing, the Court learned that Ms. Meade was prescribed metoclopramide by another physician in the early 1990's; the Complaint addresses her ingestion of the drug during 2006 and early 2007. Ms. Meade no longer objects to signing an authorization for Inez Physical Therapy and agrees to do so. Dr. Auditor was listed on her disclosures by mistake. Defendant Parsley confirmed that Ms. Meade previously signed an authorization for Scott Orthopedic Center, Jeffrey Shook, DPM, so that a subpoena should not be necessary for that entity. It is hereby **ORDERED** that the motion to quash (# **69**) is granted as to the subpoenas for Inez Physical Therapy and Scott Orthopedic Center because they are moot.

The Court finds that the disability records of the Social Security Administration, the records of the West Virginia Department of Health and Human Services, and the treatment records of Dr. Jose Auditor, if any, are reasonably related to the claims

5

and defenses at issue in this action. Accordingly, it is further **ORDERED** that the motion to quash (# 69) is denied as to these three subpoenas, and the motion to enforce the subpoena to the Social Security Administration (# 71) is granted. The subpoenas are valid and enforceable, even though their return date has passed.

Because HIPAA regulations, 45 C.F.R. § 164.512(e)(1)(i), require a protective order to be in place to prohibit disclosure of a person's health information for a purpose other than the litigation and to require return of the information at the conclusion of the proceedings, the Court expects the parties to submit a signed version of the protective order on the Court's website within 24 hours.

Defendant Pliva advises that the Social Security Administration requires a separate court order when a person's records are subpoenaed without an executed authorization. For good cause shown, it is further **ORDERED**, pursuant to 20 C.F.R. Parts 401-403, that the Social Security Administration shall disclose to counsel for Pliva, Inc. such information in its possession relating to plaintiff Shirlean Meade as is requested in the subpoena.

Defendant Pliva, Inc. has requested that it be awarded its reasonable expenses, including attorney's fees, incurred in opposing the motion to quash, presumably as authorized by Federal Rule of Civil Procedure 26(g). (# 71, at 11.) Because this is the first case presented to this judicial officer after Fields, the

request is denied and the parties shall bear their own costs.

The Clerk is directed to transmit a copy of this Memorandum Opinion and Order to counsel of record.

ENTER: April 14, 2010

Mary E. Stanley
United States Magistrate Judge