```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA

                      AT CHARLESTON
```

**SHIRLEAN MEADE and ELMER MEADE,**

      Plaintiffs,

v.                                       Civil Action No. 2:09-cv-00388

**DEIDRE E. PARSLEY, D.O.; WYETH, INC., doing business as Wyeth; SCHWARTZ PHARMA, INC.; PLIVA, INC.; and JOHN DOE DEFENDANTS #1-6**

      Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is the joint motion of defendants Wyeth, Inc. ("Wyeth"), and Schwarz Pharma, Inc. ("Schwarz"), for entry of final judgment pursuant to Rules 54(b) and 58(d), filed November 24, 2009.

On November 13, 2009, the court dismissed Wyeth and Schwarz (collectively "movants") at summary judgment. They now move the court to certify the November 13, 2009, memorandum opinion and order and enter final judgment as to the claims against them. No party opposes the relief requested.

Federal Rule of Civil Procedure 54(b) provides pertinently as follows:

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b).

In <u>Braswell Shipyards, Inc. v. Beazer East, Inc.</u>, 2 F.3d 1331, however, our court of appeals noted the disfavored nature of piecemeal appeals.  It additionally offered certain factors to guide the determination of whether any just reason for delay exists:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like.

<u>Braswell Shipyards, Inc.</u>, 2 F.3d at 1335-36.

Having considered the movants' contentions, the second and fifth factors, at a minimum, weigh in favor of denying the instant motion without prejudice.  The movants are properly deemed to be prevailing parties.  It is understandable that they desire to bring a conclusive end to

the litigation against them. At the same time, a certification order would, in essence, force plaintiffs to institute a peremptory appeal or abandon their appellate rights altogether respecting their now-dismissed claims against movants.

The development of the remaining claims against Dr. Parsley and Pliva, Inc., is in its final stages, with the pretrial conference set for November 12, 2010. Requiring plaintiffs to defend an interlocutory appeal contemporaneous with preparing the remaining claims for trial would likely have a negative impact on case management. Additionally, in the event that the remaining claims terminate by settlement in closer proximity to trial, plaintiffs may no longer wish to pursue an appeal, perhaps resulting in unnecessary expense and mootness of any then-pending appellate proceedings.

In order to avoid these undesirable economic and case-management consequences, the better course is to await trial, presently scheduled for December 7, 2010. In the unlikely event that the trial is later continued well beyond that date, movants are given leave to renew the instant motion. This disposition balances the negative impact of a certification order with the movants' desire to achieve a

speedy and final determination of the claims alleged against them.

Based upon the foregoing discussion, it is ORDERED that movants' joint motion for entry of final judgment be, and it hereby is, denied without prejudice.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record and any unrepresented parties.

DATED: August 31, 2010

_____
John T. Copenhaver, Jr.
United States District Judge