UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


SHIRLEAN MEADE and ELMER MEADE,

          Plaintiffs,

v.                                    Civil Action No. 2:09-cv-00388

DEIDRE E. PARSLEY, D.O.; WYETH,
INC., doing business as Wyeth;
SCHWARZ PHARMA, INC.; PLIVA,
INC.; and JOHN DOE DEFENDANTS
#1-6

          Defendants.

                    MEMORANDUM OPINION AND ORDER


          Pending is plaintiffs' motion to reconsider, filed

April 15, 2011.


          Plaintiffs ask the court to reconsider its memorandum

opinion and order, entered April 15, 2011, ("Mem. Op. & Ord.")

denying their motion to stay all proceedings, to continue the

trial setting, and for leave to conduct additional discovery.  In

their motion to reconsider, plaintiffs make the same two requests

as in their original motion: (1) that this case be stayed pending

a ruling from the U.S. Supreme Court in a set of consolidated

cases against metoclopramide manufacturers,[1] and (2) that the

_____

          [1]    See PLIVA, Inc. v. Mensing, No. 09-993, consolidated
with Actavis, Inc. v. Demahy, No. 09-1501; Actavis Elizabeth, LLC
v. Mensing, No. 09-1039, 131 S. Ct. 817 (2010).

court extend the scheduling order deadlines and reopen discovery
in light of recently disclosed evidence regarding former
defendant PLIVA Inc.'s ("PLIVA") generic drug labeling.  The
court declined both of these requests in its April 15, 2011
memorandum opinion and order, concluding that neither the Supreme
Court litigation nor the newly discovered evidence regarding
PLIVA's labeling justified a stay, a continuance, or additional
discovery.  (See Mem. Op. & Ord. at 4-6).

Plaintiffs' motion to reconsider brings two new
arguments to the court's attention.  First, noting that defendant
Dr. Deidre Parsley currently has a motion for summary judgment
pending before the court, plaintiffs file an affidavit pursuant
to Federal Rule of Civil Procedure 56(d)[2] requesting additional
discovery.  Rule 56(d) provides as follows:

> If a nonmovant shows by affidavit or declaration that,
> for specified reasons, it cannot present facts essential
> to justify its opposition, the court may:
>
> (1)  defer considering the motion or deny it;
>
> (2)  allow time to obtain affidavits or declarations or
>      to take discovery; or
>
> (3)  issue any other appropriate order.

Id.  In his Rule 56(d) affidavit, counsel for the plaintiffs

---

[2]     Plaintiffs actually cite Rule 56(f).  As of December 1,
2010, however, Rule 56(f) was effectively moved to Rule 56(d).

states that further discovery is necessary to obtain an additional deposition of Dr. Parsley to determine how PLIVA's newly-disclosed dissimilar metoclopramide label may have affected her decision to prescribe the drug to plaintiff Shirlean Meade.

Plaintiffs' resort to Rule 56(d) is unavailing.  To begin, the Rule 56(d) affidavit does not make the requisite showing that plaintiffs "cannot present facts essential to justify [their] opposition" to Dr. Parsley's summary judgment motion without further discovery.  See Fed. R. Civ. P. 56(d). The affidavit instead reveals that plaintiffs seek additional discovery relevant to their case not against Dr. Parsley but against PLIVA, a defendant that the court has already dismissed from this action.  Moreover, as the court noted in its April 15, 2011 memorandum opinion and order, the content of PLIVA's labeling and its hypothetical effect on Dr. Parsley's decision to prescribe the drug to plaintiff is of no moment, inasmuch as the court's decision to dismiss PLIVA from this action hinged primarily on the undisputed fact that Dr. Parsley had not read the PLIVA labeling.  (See Mem. Op. & Ord. at 5-6).

Plaintiffs next attempt to point out a factual dispute as to whether Dr. Parsley read PLIVA's labeling, citing deposition testimony in which Dr. Parsley indicates that she

3

"can't recall" if she read the labeling of PLIVA or the brand name manufacturer.  (Pl.'s Mot. at 8).  This testimony, plaintiffs contend, necessitates additional discovery to explore, among other things, "what label Dr. Parsley actually read." (Id.).

        As noted in the court's November 24, 2010 memorandum opinion and order dismissing PLIVA from this action, plaintiffs did not dispute in their opposition to PLIVA's motion for summary judgment that Dr. Parsley never read the PLIVA labeling.  See Meade v. Parsley, No. 09-388, 2010 WL 4909435, at *2 n.2 (S.D. W. Va. Nov. 24, 2010) (observing that "plaintiffs do not dispute that Dr. Parsley never read PLIVA's warning").  Now, for the first time, plaintiffs highlight Dr. Parsley's testimony in an attempt to show a disputed factual issue which would, in turn, support its request for additional discovery.  Dr. Parsley's testimony, however, comes from a March 30, 2010 deposition that plaintiffs' counsel attended and which was available to plaintiffs at the time it opposed PLIVA's summary judgment motion.  So plaintiffs are asking the court to modify the scheduling order and reopen discovery against PLIVA, and, in a more indirect sense, to reconsider its prior ruling dismissing PLIVA from this action, based upon evidence that they previously possessed but failed to bring to the court's attention.  The

4

court discerns no reason to grant such a request.[3]

Finally, plaintiffs' motion to reconsider does not address the court's conclusion that the issues raised by the consolidated appeals before the Supreme Court are unrelated to the reasons for PLIVA's dismissal from this action, thus obviating the need for a stay pending a decision from the Supreme Court. (See Mem. Op. & Ord. at 4-5 (noting that Supreme Court litigation concerns federal preemption issues whereas this court dismissed PLIVA on causation grounds)).

Based upon the foregoing reasons and those stated in the court's April 15, 2011 memorandum opinion and order, it is ORDERED that plaintiffs' motion to reconsider be, and it hereby is, denied.

---

[3]    Moreover, the court notes that it did raise and address, on its own initiative, the foregoing testimony of Dr. Parsley in its November 24, 2010 memorandum opinion and order, and concluded that the testimony did not raise issues of material fact sufficient to preclude summary judgment. See Meade, 2010 WL 4909435, at *2 n.2 ("Although Dr. Parsley's testimony that she did not 'recall' reading any PLIVA labeling could be characterized as equivocal, plaintiffs do not dispute that Dr. Parsley never read PLIVA's warning . . . [And] the strong import of Dr. Parsley's testimony, taken as a whole, is that she read the PDR for Reglan but did not read the package insert for metoclopramide."). Interestingly, the plaintiffs have been silent on this very matter for nearly five months until its second motion, to reconsider, was filed on April 15, 2011.

5

The Clerk is directed to forward copies of this written opinion and order to all counsel of record.

DATED: April 20, 2011

John T. Copenhaver, Jr.
United States District Judge

6